The United States v. Juan Thompson. Mr. Zuss. Good afternoon, Your Honors. May it please the Court, I'm Edward Zass of the Federal Defenders of New York, here on behalf of Juan Thompson. The sole issue on this appeal is whether the District Court erred by enhancing Thompson's offense level for violating a court protection order. I'd like to start with our 28J letter, which pointed out that this Court now has an advantage that the District Court didn't have. Guidelines Amendment 805, which took effect on November 1st of 2018, now clarifies the meaning of court protection order. And it's a clarifying amendment, so although it was issued after sentencing and, indeed, after the parties filed their briefs, it applies to clarify what the guideline always meant. The amendment provides, in pertinent part, that a protection order must be consistent with 18 U.S.C. 2265B to qualify as a court protection order. And Section 2265B specifically addresses the subject of ex parte protection orders, which are the orders at issue here. And it provides that in the case of ex parte orders, notice and opportunity to be heard must be provided within the time required by state law. And in any event, within a reasonable time after the order is issued, sufficient to protect the respondent's due process rights. What do you make of that? What does that then mean? Tell me what that means in your view. Well, I think it confirms the position we took both in the district court and in our briefs, which is, and it refutes the government's principle argument in its brief, which is that this enhancement is a strict liability enhancement. So long as there was a violation order and the defendant's conduct contravened the terms, they've informed me as of this morning that they're no longer relying on that argument in light of the amendment. Okay. So as applying that new language to this case, the first question is, was Thompson given both notice and an opportunity to be heard within the time required by state law? And that invites the question, which is under New York law, when is the person supposed to be given notice and an opportunity to be heard? Right. So I'm not an expert on New York law by any means, but I went and under the Family Court Act, section 153-b-c, an ex parte protection order must be served promptly. Right. In this case, the first ex parte protection order was issued on August 5 of 2016. Right. That's 63, right, of the appendix? Well, that's, I think, the summons. I'm sorry. You're right. I apologize. It's 60. The ex parte order is 61, right? Temporary order of protection, A61, right? Yeah, I'm just checking the date. Yes, that's the first order of protection. Right. I think it's undisputed. It was undisputed below and undisputed here that this was never served on Mr. Thompson. Right. Go ahead. Nor is there any evidence that he was given an opportunity to be heard by any court to challenge it. So now, again, I don't want to fall . . . Let me see if I understand this, because the case has morphed a bit. It's morphed from the briefs. Yes. Okay, so let me see if I appreciate it, and my brother in New Haven can hear us. What you litigated below was whether he knew about the order of protection, and your view was state law decided that for him to have violated the order of protection, he had to know about it, because New York law is fairly clear. You don't actually have to be served with it, but you have to know what the contents of it are. You can't just say to somebody in court, there's an order of protection against you. It has to be read to you, and that's what the court of appeals cases go off on and some of the intermediate appellate court cases go off on. The government's position was it didn't have to be a knowing violation, because knowing is not in the guidelines, and they cite other instances where knowing is in the guidelines,  That's a very good argument to make. And they say, look, this isn't really looking at the venality of his knowing violation. It's looking at the fact that an order of protection was issued, and then even if he didn't know about it, he continued and did other acts that were then consistent with what generated the original order of protection. And they cite to, like, the possession of stolen property, and you don't need to know that the property's stolen and stuff like that. So those are the kinds of enhancements that occur without knowledge. Now, and so there was a debate about, does state law decide the issue of the enforceability of the order, or does it not matter about that, because knowledge isn't really necessary, it's just the existence of the order, and then the conduct that is post the existence of the order. That's where the rubber met the road at the district court, right? I think you've characterized it essentially correctly. And I just remind you that the district court, understandably, I don't mean to fault the district court, it didn't have the benefit of the answers we now have from the sentencing commission. And so what New York laws focus on was to hold someone in contempt of an order, they had to know what the order said. And the government's response to that was, it doesn't matter, because whether it was or was contemnatious is irrelevant to the enhancement. Don't worry about your life. Okay? Oh, thank you. All right. Sorry. Now, in the interim, with 28J, now the issue seems to be whether the order complies with a notice and opportunity to be heard when it's ex parte. Well, I think to be, yes, essentially. Whose law decides that? Well, there's now two pieces of law that seem relevant as I read this definition. Fair enough. The first part says you have to have notice and opportunity to be heard within the time required by state law. Correct. That's the first part. And in any event within a reasonable time. Yes, sir. But then there's a constitutional, federal constitutional question. Is that time sufficient? Is that opportunity to be heard sufficient to comply with federal due process rights? Okay. Okay. Now, let me ask you this. And then I'll let you say a little bit more and then I'll ask you to sit down. We know that the summons was attached to both preliminary orders, temporary orders to show cause, right? I'm presuming that's correct. Okay. And because there's a return date on the summons. Yes. And where he was supposed to go, Mr. Thompson was supposed to go, and that would give him an opportunity to answer to this in accordance with the Family Court Act. So, I mean, if he had like an alibi and said I never did this or something, they could contest it at that point in time, right? Well, I have a number of responses before I give you a yes or no, because it's not exactly a yes or no straight answer. The first thing is the obvious question is was the summons ever served on Mr. Thompson? Well, we're going to get to that. Oh, okay. We're going to get to that. Yes. I'm sorry. I didn't mean to jump ahead of you. But the reason I started with it is obviously you have no meaningful opportunity to be heard if you don't receive any of the papers. But this summons itself is about responding to the family court petition. The summons does not tell you that there was an order of protection issued. Well, but the summons, as I understand it, the summons was attached to the temporary order of protection, was it not? I don't have knowledge one way or the other. I'm not sure the record tells us. Oh, okay. I'm not sure it tells us. But you'll notice, so the return date on this. Well, I don't think it matters whether it was or wasn't as long as it was served. But in any event, because we don't know whether the temporary order and the summons were served or, excuse me, were attached. But we know that both were not served. We know that both were not served. That's my understanding. I mean, the government raised the summons only in its 20HA on this past Sunday. But I don't see them claim that the summons was served, nor have I seen any evidence of service of the summons. That's for a question for the government. But also, I just point out that the summons, the return date for the summons is October 13, 2016. Right. The order of protection was issued ex parte on August 5 of 2016 and was due to expire on August 13, 2016. So there's a question of is that constitutionally sufficient opportunity to be heard if you're subject to it for two months and the only day you can come into court and challenge it, assuming you were ever notified of it, is the day it was going to expire. Let me ask you this. Yes. Given this clarification, isn't a remand an order to Judge Castell? I would never say no to a remand. Almost never, Your Honor. Are you going to say no now? No, I'm not. I think it would be appropriate. I think it would be fair to the district court to consider his prior finding in light of the recent amendment. I think if the government had any new evidence it wished to present, it could do that. Yes, I'm sorry, Judge Cabranes. Were you going to ask a question? To follow up on Judge Wesley's question just now, what is it that you want from us? Well, I'd like and What's the remedy? It's an order vacating the sentence and remanding for resentencing. And I'll leave it up to the court whether you want to specifically remind the court that it's free to revisit this in light of the new definition. Another way for the court to go, perhaps, is to say it doesn't matter. I would impose the same sentence regardless. Well, certainly he could because he gave you the maximum, which was way above what the guidelines gave him anyhow. He could, but he didn't give any indication that he would do that if he calculated the guidelines lower. Well, if we were to conclude that somehow this clarification altered what the judge should have been thinking about, then a vacature wouldn't necessarily lead to our concluding that the judge was wrong. It was only that the clarification asked the judge to consider some additional information that was not necessarily within his sphere at the time that he made the original decision as to whether it was knowing or whether it didn't need to be knowing, etc. That's absolutely correct. I mean, my own view, and I put it out for what it's worth, is on this record, I don't think it supports finding the required findings now under the amended definition. But the court does not need to resolve that at this moment. So it's on this record, and presumably Judge Castell, on a remand, would be able to expand the record as you and he and the government agreed would be appropriate. I believe that's right. I believe that's right. And that would be a completely fair result. I mean, the district court, as we said, didn't have the benefit of this guidance. It's not that he acted contrary to it. He just didn't have as much information as we now have. Is there any reason to believe that this would be in your client's interest in the long run, that it's on remand? Is there a reason to believe that he would have a different view of the appropriate sentence? Well, I think there's hope. I think the government, as part of the plea agreement below, had agreed that a within-guideline sentence was a fair and just sentence on these facts. Probation asked for a guideline sentence, in fact, at the low end of the range. There are some equities in Mr. Thompson's favor that are under seal, so I'm not going to go into them. But there are reasons that the district court might come down from 60 months. It might not be much. It might be 55 or 50. But I think there's a reasonable probability, and the court can decide what's appropriate in light of this new information. How long has Mr. Thompson been in jail? Your Honor, let me just take a look. I don't recall offhand whether he was remanded right away or whether he was remanded. He was, Your Honor, so since March 2017. March 2016? March 2017, Your Honor. March 2017. So he's coming up on his second year in prison? Yes, Your Honor. All right. Okay. We'll get it. Okay. I'm sorry. I didn't mean to.  No further questions. We'll just rest on our briefs. Thank you. You've got your remaining time. Thank you, sir. Mr. Warren. Good afternoon, Your Honors. AUSA Jacob Warren. I represent the United States in this appeal, and I also represented the United States in the proceedings below before Judge Costell. Yep. In light of Amendment 805, the government is no longer relying on the first argument in our brief, that knowledge of the protection order is not a requirement for purposes of the relevant sentencing enhancements. So as Mr. Zass said, the idea of strict liability. The government didn't advance that argument below before Judge Costell, and this court should still affirm because the district court's finding by preponderance that the defendant had actual knowledge of the order of protection was not clearly erroneous. Maybe you're right about that, or maybe you're not. And I'm inclined to think probably federal law decides the issue as opposed to state law. But what about the amendment? Where in the record do we know that this ex parte order that notice and opportunity to be heard was provided to Mr. Thompson? I think we have from the record, Your Honor, that he had knowledge of the protective order. Well, sure he had knowledge of the protective order, but I note to you at page 45 of the appendix footnote 1, the government concedes the defendant was not formally served with the order of protection. So if the government didn't serve him with the order of protection, did it serve him, do you know that he was served with the note of the summons, summing him into a family court? That's not in. So then tell me then, tell me then, as an officer of the court representing the United States here, tell me then how you know that there's any way to sustain a finding of which there is none, that this ex parte order he was provided with a notice of opportunity to be heard. There's none. Is there? It's simple math. You don't serve the order of protection, you don't serve the notice, summons with notice. Do you have anything in your file that tells you that a summons with notice to appear in family court to answer an ex parte order, an order that was obtained without him being president in court, was obtained, and that he was then given an opportunity to come in and contest it? Do you know that? No, Your Honor. Okay, you don't. And so you have no way of knowing that this now qualifies as an order of protection under the guidelines, do you? I understand, Your Honor. Yeah, you do, so answer my question. It's very simple. Yes, Your Honor. There is evidence in the record that. Look, do you want this remanded or not? You're an officer of the court here. You know what the guidelines say. Can I have just one? Yeah, you do. Go ask, consult with you. Okay, Mr. Warren. Yes, Your Honor. All right. Your Honor, the government's position is that remand isn't necessary here because under Casciano and under Axelrod, actual notice satisfies. But listen, with all due respect, I'm somewhat familiar with New York law. Casciano and Axelrod are about what kind of notice is necessary to hold someone contempt for violating an order. That's what that's about. And so someone is read an order in open court, okay? Now, they don't necessarily read to you then they're in court now. They were there. They understand it, okay? This is about someone who wasn't there and who's entitled under both the guidelines and, I might add, New York law, to notice. That's what the summons is all about. The summons says, look, you've got to come in here and contest this. Here's when I have an opportunity to be heard. Because this order, which allows you to be immediately arrested if you violate it, was obtained ex parte without you ever even knowing about it, with no notice to you whatsoever. You had never given a chance to contest any of this. That's what this case is about now, not the Axelrod notice. That's why you guys are all, you've confused this, you've conflated this. Axelrod is talking about knowing what the order of protection says. Stay away. Don't come near me. Don't make a phone call. Don't come to my house. And when you're given those orders, if you go to the house, you make a phone call, you get close, you're in violation of them. You don't have to have the paper in your hand. But if you know about it, Axelrod says knowing it is enough. That's not the knowing it here. This is providing him with notice of an opportunity to come in and contest it. That's why that summons is attached. I would bet you a million dollars it was attached to the order of protection. But the problem is you don't have an order, an affidavit of service. Not your fault. It may exist. And you may go to the family court in Bronx and get that order, that affidavit that says that it was served. And if you do, then you've got an order of protection under the guidelines and he's got a big problem. But we don't have that here. Now, you've said that this is a clarification. You've agreed with your opponent, rightfully so, I think wisely so. But the game is different now. I'm not trying to make it a game. The rules are different. The rules now are that for this to be an order of protection when it's an ex parte order, notice and opportunity are heard, must be provided. Now, you've got the notice, but you can't prove the provided. Isn't it simpler, yeah, to follow up on Judge Wesley's questions, from the point of view of the government, as part of a ministry of justice, as they say, why isn't it in your interest to simply agree to a remand to Judge Castel so everybody has notice and can review these matters? It seems to me it's in your interest as much as it is in the defendant's interest. This is not the hill on which you wish to die. Yes, your honors, and the government would stand on the second argument in its brief, but of course if this court were to remand, the government would have the opportunity to present additional evidence and litigate this issue. Mr. Warren, I don't know how long you've been at this job, but this is a case where you should have folded them. Okay? And you go back to your office with your supervisor and say the Senate chair said this was one where you, as a member of the Department of Justice, we see the Department of Justice regularly walk in here when confronted with an issue like this, which is clear. I get advocacy, I'm all for advocacy, but this ship has sailed. Thank you very much.  All right, the matter is deemed submitted. You'll hear from us in due course. That completes the calendar for the day. Thank you very much. We stand adjourned.